UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNETH HALL,

                              Plaintiff,                    9:21-CV-0502
                                                            (TJM/ML)

        v.

CORR. OFFICER NICKOLS, et al.,

                              Defendants.

---

APPEARANCES:

KENNETH HALL
72073A
Plaintiff, pro se
Niagara County Jail
5526 Niagara Street Extension
Lockport, BY 14094

THOMAS J. McAVOY
Senior United States District Judge

**DECISION AND ORDER**

## I.      INTRODUCTION

        This action was commenced on or about February 22, 2021, in the Western District of

New York ("WDNY") by pro se plaintiff Kenneth Hall, an inmate currently in the custody of the

Niagara County Sheriff's Department.  Dkt. No. 1 ("Compl.").  At the time plaintiff filed his

complaint, he also applied to proceed in the action in forma pauperis ("IFP").  Dkt. No. 2.  By

Orders dated March 25, 2021 and April 23, 2021, WDNY District Judge Lawrence J. Vilardo

transferred the action to this District.  Dkt. Nos. 7, 9.  Upon receipt of the transfer, the Clerk

of this Court opened the action and forwarded plaintiff's complaint to the Court for review.

## II.    IFP APPLICATION

Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."[1] *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time . . . of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP application, Dkt. No. 6 at 1-3, that demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization form required in this District.  Dkt. No. 6 at 4.  Accordingly, plaintiff's IFP application is granted.

## III.    DISCUSSION

### A.    Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that. . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

---

[1] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  PACER Case Locator, https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (last visited June 14, 2021).  Based on that review, it does not appear that plaintiff had accumulated three strikes for purposes of Section 1915(g) as of the date this action was commenced.

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]
Thus, even if a plaintiff satisfies the financial criteria to commence an action IFP, it is the
court's responsibility to determine whether the plaintiff may properly maintain the complaint
that he filed in this District before the Court may permit him to proceed with the action IFP.
*See id*.

Likewise, under 28 U.S.C. § 1915A ("Section 1915A"), a court must review any
"complaint in a civil action in which a prisoner seeks redress from a governmental entity or
officer or employee of a governmental entity" and must "identify cognizable claims or dismiss
the complaint, or any portion of the complaint, if the complaint. . . is frivolous, malicious, or
fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a
defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171
F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that Section 1915A applies "to all civil
complaints brought by prisoners against governmental officials or entities regardless of
whether the prisoner has paid the filing fee"); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.
2007) (finding that both Sections 1915(e)(2)(B) and 1915A provide a basis for screening
prisoner's complaints).

In reviewing a pro se litigant's complaint, the Court has a duty to liberally construe the
pleadings, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should
exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before*
the adverse party has been served and both parties (but particularly the plaintiff) have had an
opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  Therefore, a

---

[2]  A complaint is frivolous for purposes of Section 1915 when it "lacks an arguable basis either in law or
in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

4

### B.    Summary of the Complaint[3]

At all times relevant to this action, plaintiff was in the custody of the New York State Department of Corrections and Community Supervision.  Compl. at 3.  The following facts are as alleged in the complaint.

On June 27, 2019, while plaintiff was on a transport bus from Marcy Correctional Facility ("Marcy C.F.") to Fishkill Correctional Facility ("Fishkill C.F."), another inmate attacked and injured plaintiff "with a transport chain."  Compl. at 3.  Only defendant Marcy C.F. Correctional Officer Nickols and defendant Marcy C.F. Correctional Officer Jane Doe 1 were on the bus with the "[n]umerous mentally ill and non-mentally ill inmates, such as [plaintiff]." *Id.* at 4.  Neither defendant Nickols nor defendant Doe 1 (who was driving the bus) intervened to protect or stop the attack.  *Id.* at 4-5.  No sergeant was on the bus during the transport.  *Id.*

When plaintiff arrived at Fishkill C.F., he was immediately placed in solitary confinement and requested medical treatment from defendant Fishkill C.F. Sergeant Jane Doe 2.  Compl. at 5.  Defendant Doe 2 ignored plaintiff's request.  *Id.*

In addition to the defendants identified above, the complaint names Marcy C.F. Acting Superintendent T. McGuiness, the State of New York, Marcy C.F. Transport Sergeant John Doe 3, Marcy C.F. Captain D. Dicairo, and Fishkill C.F. Superintendent Robert Cunningham

---

[3]  Plaintiff's complaint is comprised of a pre-printed form generated by the WDNY and entitled "FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT (Non-Prisoner Context)."  Compl. at 1-6. Attached to the complaint is another pleading created by plaintiff that, in the caption, suggests that it was drafted in connection with a New York State Court of Claims action.  *Id.* at 7-12.  Plaintiff describes the pleading as "a notice of intention to file claims for personal, mental and emotional injuries."  *Id.* at 7.  Because the WDNY civil rights complaint form and the New York State Court of Claims notice pleading both describe approximately the same facts and defendants, the Court has considered the allegations set forth in both pleadings in its review of the sufficiency of the pleadings.

as defendants.  Compl. at 1-2.  Liberally construed, the complaint asserts (1) Eighth

Amendment failure to intervene claims against defendants Nickols and Doe 1; (2) Eighth

Amendment failure to protect claims against defendants McGuiness, State of New York, Doe

3, and Dicairo; (3) Eighth Amendment deliberate medical indifference claims against

defendant Doe 2 and Cunningham; and (4) New York State common law negligence and

medical malpractice claims against defendant State of New York.  *Id.* at 3-5, 7.

### C.   Analysis

Plaintiff brings this action, in part, pursuant to 42 U.S.C. § 1983 ("Section 1983"),

which establishes "a cause of action for 'the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws' of the United States" by a person acting

under color of state law.  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting

Section 1983).  "Section 1983 itself creates no substantive rights; it provides only a

procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,*

13 F.3d 515, 519 (2d Cir. 1993).

### 1.  State of New York

The Eleventh Amendment has long been construed as barring a citizen from bringing

a suit against his own state in federal court, under the fundamental principle of "sovereign

immunity."  U.S. CONST. amend. XI ("The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");

*Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982);

*Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  Eleventh Amendment immunity is

lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp*, 568 F.3d at 365-66. It is well-settled that Congress did not abrogate states' immunity through Section 1983. *Quern v. Jordan*, 440 U.S. 332, 343-45 (1979). In addition, with respect to plaintiff's state law claims of negligence and/or medical malpractice asserted against the State of New York, the "Eleventh Amendment . . . is a bar addressed to federal courts, not federal causes of action," and, for that reason, plaintiff's state law claims are similarly barred in federal court. *See Miles v. Baruch Coll.*, No. 07-CV-1214, 2008 WL 222299, at *3 (E.D.N.Y. Jan. 25, 2008) (citing *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 120 (1984) ("The Eleventh Amendment should not be construed to apply with less force to [pendent] jurisdiction than it does to the explicitly granted power to hear federal claims.")).

Accordingly, plaintiff's claims in this action against the State of New York are dismissed as frivolous pursuant to Sections 1915(e)(2)(B)(i) and 1915A(b)(1) as barred by Eleventh Amendment immunity. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (deciding that claims asserted against defendants that are "clear[ly] . . . immune from suit" may be dismissed "based on an indisputably meritless legal theory"); *Williams v. New York*, No. 18-CV-8353, 2019 WL 1745762, at *2 (S.D.N.Y. Apr. 17, 2019) ("The Court therefore dismisses Plaintiff's [Section] 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity, and because these claims are frivolous.").

### 2. Failure to Intervene (Defendants Nickols and Doe 1)

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*,

429 U.S. 97, 102 (1976).  Prisoners can assert Eighth Amendment claims against prison officials where "prison officials [fail] to take reasonable measures to guarantee the safety of inmates in their custody."  *Hayes v. New York City Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  Law enforcement officials, including prison officials, can be held liable under Section 1983 for failing to intervene in a situation where one inmate is being attacked by another inmate.  *See Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985) ("The failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment.").  "Liability . . . attach[es] only when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene."  *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)).

Plaintiff's complaint alleges that defendants Nickols and Doe 1 were on the bus at the time plaintiff was attacked by another inmate on June 27, 2019, but they failed to intervene.  Compl. at 3-5.  Without more, those allegations are not sufficient to give rise to a cognizable failure to intervene claim.  Given the sparse allegations concerning the assault, the Court cannot determine the plausibility of any suggestion that defendants Nickols and Doe 1 had a realistic opportunity to intervene and protect plaintiff from harm.  For instance, there are no allegations describing the duration of the attack or where defendant Nickols was located in relation to the attack.  The complaint also fails to allege whether the attack occurred while the bus was in transit – which would obviate any duty that defendant Doe 1 (the driver of the bus)

8

had to intervene – or whether it occurred when the bus was stopped at one of the prison facilities. Because the complaint fails to allege that defendants Nickols and Doe 1 had a realistic opportunity to intervene in the assault on plaintiff, the failure to intervene claims asserted against them are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See Dean v. New York City*, No. 15-CV-8825, 2017 WL 3670036, at *4 (S.D.N.Y. July 6, 2017) (denying as futile leave to amend to add failure-to-intervene claim against corrections official, where the proposed amended complaint was "devoid of any factual allegations against [the defendant] with respect to the failure to intervene claim, such as, for example, where [the defendant] was located and what she was doing when [the plaintiff was] pepper sprayed [in] the . . . face"); *Rosen v. City of New York*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) ("In the context of a failure to intervene claim, an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene." (internal quotation marks omitted)); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 428 n.9 (N.D.N.Y. 2009) ("[A]n officer is excused from liability, despite his presence, if the assault is sudden and brief, such that there is no real opportunity to prevent it." (internal quotation marks omitted)).

### 3. Deliberate Medical Indifference (Defendant Doe 2)

The Eighth Amendment's prohibition against cruel and unusual punishment also establishes "the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 103. A claim alleging that prison officials have violated this constitutional right must satisfy both objective and subjective requirements.

*Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *accord, Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  To satisfy the objective requirement, the alleged deprivation must be "sufficiently serious."  *Hathaway*, 99 F.3d at 553; *see also Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) ("[T]he objective test asks whether the inadequacy in medical care is sufficiently serious.").  Factors informing this inquiry include "whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (internal quotation marks and alterations omitted).

To satisfy the subjective requirement "[i]n medical-treatment cases . . ., the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." *Salahuddin*, 467 F.3d at 280.  "Deliberate indifference," in a constitutional sense, "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."  *Id.*; *see also Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In this case, plaintiff's deliberate medical indifference claim is asserted against defendant Doe 2, who is identified as a sergeant at Fishkill C.F.  *See* Compl. at 5.  Plaintiff alleges that, immediately upon arriving at Fishkill C.F., he was confined in the Special Housing Unit and sought medical attention from defendant Doe 2.  *Id.*  Defendant Doe 2 allegedly ignored plaintiff's requests.  *Id.*  With due regard for plaintiff's pro se status, the foregoing allegations fail to plausibly allege either that plaintiff experienced a sufficiently

serious deprivation in medical treatment or that defendant Doe 2 denied medical treatment to plaintiff with deliberate indifference.  Although the complaint alleges that plaintiff suffered "numerous serious injuries to [his] eye and body parts," there are no other allegations describing, for example, the extent of the injuries, any later-determined diagnoses, or any pain plaintiff experienced.  The complaint also fails to allege that defendant Doe 2 had any reason to know at the time plaintiff requested medical treatment that his injuries placed him in substantial risk of serious harm.  Non-medical prison personnel, like defendant Doe 2 (who is alleged to be a transport sergeant at Marcy C.F.), engage in deliberate indifference where they "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel."  *Hodge v. Coughlin*, No. 92-CV-0622, 1994 WL 519902, at *11 (S.D.N.Y. Sept. 22, 1994), *aff'd*, 52 F.3d 310 (2d Cir. 1995); *see also Estelle*, 429 U.S. at 104-05 (noting that deliberate indifference can be manifested by "prison guards in intentionally denying or delaying access to medical care").  Accordingly, because the complaint fails to plausibly allege both the objective and subjective elements, plaintiff's deliberate medical indifference claim asserted against defendant Doe 2 is dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 4.  Failure to Protect (Defendants McGuinness, Dicairo, Doe 3)

Prison officials may be held liable under the Eighth Amendment pursuant to Section for failing to protect an inmate from conditions posing a substantial risk of serious harm.  *See Farmer*, 511 U.S. at 836.  Like an Eighth Amendment deliberate medical indifference claim, to establish a "failure to protect" claim, the plaintiff must show that he was incarcerated under

conditions posing a substantial risk of serious harm, and that prison officials acted with deliberate indifference to that risk and the inmate's safety. *Id.*; *accord, Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020).

"Courts routinely deny deliberate indifference claims based upon surprise attacks." *Zimmerman v. Macomber*, No. 95-CV-0882, 2001 WL 946383, at *5 (S.D.N.Y. Aug. 21, 2001) (granting summary judgment in favor of the defendants where the plaintiff failed to carry his burden to establish that the defendant had knowledge of a substantial risk to plaintiff's health or safety from inmate attacker). In *Jaipersaud v. A.R.D.C. Bldg. # C-74*, No. 95-CV-5330, 1996 WL 1086521, (E.D.N.Y. June 19, 1996), the Court granted the defendants' motion to dismiss the complaint on the ground that the plaintiff had not alleged that any prison official knew of and disregarded an excessive risk to the plaintiff's safety. *Jaipersaud*, 1996 WL 1086521, at *3. In so ruling, the Court noted that the plaintiff "ha[d] not argued that there was any reason that prison officials should have known that he was in danger, let alone that an official actually knew this to be true." *Id*. In addition, courts have held that "the mere failure to post a guard does not constitute a constitutional injury" for purposes of Section 1983, "even where the presence of a guard would have prevented the attack." *Fair v. Weiburg*, No. 02-CV-9218, 2006 WL 2801999, at *6 (S.D.N.Y. Sept. 28, 2006) (citing, inter alia, *Grant v. Burroughs*, No. 96-CV-2753, 2000 WL 1277592, at *2-3 (S.D.N.Y. Sept. 8, 2000) (granting summary judgment in favor of the defendant where the plaintiff failed to adduce evidence of deliberate indifference to a substantial risk of harm and finding that defendant's "negligent supervision of the area" was not sufficient to sustain an action under Section 1983)).

12

As alleged in the complaint, defendants McGuiness, Dicairo and Doe 3 "knew of the violent propensities of mentally ill inmates and yet allowed them to board transport buses regularly with non-mentally ill inmates without providing adequate security and protection to prevent the type of violent attach that occurred herein."  Compl. at 4.  Plaintiff also alleges that, had defendant Doe 3 been on the transport bus, he would not have been attacked.  *Id.*  None of these allegations, however, plausibly suggest that defendants had specific knowledge ahead of time that the particular inmate that attacked plaintiff was planning to assault plaintiff or otherwise knew that plaintiff was at risk of substantial harm from the inmate on the transport bus.  Indeed, plaintiff does not allege that he had any reason to know that he would be attacked by his assailant or warned any prison official, including any of the defendants, of an imminent attack.  Vague allegations, like the ones set forth in plaintiff's complaint, suggesting only the mere possibility that an inmate may be harmed are insufficient to state a cognizable failure to protect claim under the Eighth Amendment.  *See, e.g., El-Shabazz v. Wangenstein*, No. 92-CV-7291, 1995 WL 489686, at *9 (S.D.N.Y. Aug. 15, 1995) (dismissing the failure to protect claim where "[a]ll plaintiff ever told [prison] officials was that he had a 'funny feeling' and that he 'felt like something was going to happen'" (alteration omitted)).  Accordingly, plaintiff's failure to protect claims asserted against defendants McGuinnes, Dicairo, and Doe 3 are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

13

### 5. Defendant Cunningham

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676).

In this case, defendant Cunningham is listed in the caption of the action but there are otherwise no allegations involving him in the complaint. "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of N.Y.*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *2 (S.D.N.Y. Mar. 16, 1998) (dismissing claims asserted against the defendant-

14

superintendent because the complaint "mention[ed him] only in the caption, and fail[ed] to allege any act or omission by [him]").  Accordingly, any claim asserted against defendant Cunningham is dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

> **D.    Conditional Dismissal With Leave to Amend**

Based upon the foregoing, the Court finds that plaintiff's complaint fails to state a claim upon which relief may be granted.  In light of plaintiff's pro se status, the Court will afford plaintiff the opportunity to file an amended complaint that corrects the pleading defects identified above.  *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  Any amended complaint filed by plaintiff must bear his original signature and must be a complete pleading that will supersede and replace the original complaint in its entirety.  The amended pleading must also name one or more defendants and set forth a short and plain statement of the facts on which he relies in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights.

Plaintiff is advised that, if he fails to submit an amended complaint within 30 days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to Sections 1915 and 1915A for failure to state a claim on which relief may be granted.

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's complaint (Dkt. No. 1) shall be **DISMISSED without prejudice** and without further Order of the Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted **UNLESS**, **within 30 days** of the date of this Decision and Order, plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in this Decision and Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

**DATED:** June 16, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

16