UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH HALL,

                              Plaintiff,

                                                        9:21-CV-0502
v.                                                      (TJM/ML)

C.O. NICHOLS; and CO BELL,

                              Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

KENNETH HALL
  *Pro Se* Plaintiff
Franklin Correctional Facility
Post Office Box 10
Malone, New York 12953
(last known address)

LETITIA A. JAMES                                        AIMEE COWAN, ESQ.
Attorney General for the State of New York              Assistant Attorney General
  Counsel for Defendants
300 South State Street, Suite 300
Syracuse, New York 13202


MIROSLAV LOVRIC, United States Magistrate Judge

## <u>REPORT and RECOMMENDATION</u>

        Currently before the Court, in this civil rights action filed by Kenneth Hall ("Plaintiff")

against C.O. Nichols and CO Bell (collectively "Defendants"), is Defendants' motion to dismiss

for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 10.1(c)(2) and

41.2(b).  (Dkt. No. 32.)  For the reasons set forth below, I recommend that Defendants' motion

be granted.

## I.    RELEVANT BACKGROUND

On February 22, 2021, Plaintiff commenced this action by the filing of a Complaint, accompanied by a motion for leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)  At that time, Plaintiff was confined to Niagara County Jail ("Niagara"), located in Lockport, New York.  (Dkt. No. 1.)

On July 8, 2021, Plaintiff filed a notice of a change of address indicating that he had been transferred to Franklin Correctional Facility ("Franklin"), located in Malone, New York.  (Dkt. No. 13.)

On September 30, 2021, United States Senior District Judge Thomas J. McAvoy issued a decision and order accepting Plaintiff's second amended complaint for filing to the extent that it asserted failure to intervene claims against Defendants pursuant to the Eighth Amendment and dismissing all other claims without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  (Dkt. No. 18.)  Judge McAvoy's order also included the following caution, "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change of his address; his failure to do so may result in the dismissal of this action**."  (*Id.* at 12 [emphasis in original].)

On December 14, 2021, Defendants filed an Answer.  (Dkt. No. 24.)  On December 15, 2021, the Court issued a mandatory pretrial discovery scheduling order and a Dunton Order, which were served on Plaintiff via regular mail.  (Dkt. Nos. 25, 26.)  On January 14, 2022, the Court received as undeliverable, the mandatory pre-trial scheduling order and the Dunton Order; a notation on the envelopes stated "released."  (Dkt. Nos. 27, 28.)

On March 9, 2022, Defendants filed the pending motion to dismiss for lack of prosecution.  (Dkt. No. 32.)  Plaintiff's response to Defendants' motion was due by March 25,

2022.  (Text Notice dated 3/11/2022.)  Plaintiff did not file a response.  (*See generally* docket sheet.)

On March 28, 2022, Defendants filed a response in further support of the pending motion.  (Dkt. No. 33.)  On March 29, 2022, in light of the special solicitude afforded to *pro se* litigants, the Court *sua sponte* extended the deadline for Plaintiff to respond to the pending motion until April 12, 2022.  (Dkt. No. 34.)  A copy of the text order extending Plaintiff's deadline was served on Plaintiff via regular mail.  (*Id.*)  On April 6, 2022, the Court received as undeliverable, the text order—which was mailed to Plaintiff—and the envelope read "released." (Dkt. No. 35.)  To date, Plaintiff has not responded to Defendants' motion to dismiss.  (*See generally* docket sheet.)

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE

For reasons that are self-evident, this Court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address."  N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).  As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with

an order of the court.[1]  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. adopting report and recommendation by Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff.  *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999).

---

[1]    Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'"  *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

### III.    ANALYSIS

Plaintiff was specifically informed of the requirement that he update his address with the Clerk of the Court or risk dismissal of his lawsuit, when he was provided with Judge McAvoy's decision and order dated September 30, 2021.  (Dkt. No. 18 at 12.)

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Second Amended Complaint at this juncture is warranted.  The inability of the Court to communicate with Plaintiff is due solely to his failure to prosecute or to provide the Court with his updated address.  Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to Plaintiff's inaction in sight.  Notably, Plaintiff has demonstrated that he is aware of his obligation to notify the court in writing of any changes to his address, having done so previously. (Dkt. No. 13.)

In addition, as noted by Defendants in their letter motion, Plaintiff was released to parole on November 10, 2021.  (Dkt. No. 32.)  Pursuant to Local Rule 41.2(a), "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  N.D.N.Y. L.R. 41.2(a).  The last contact that Plaintiff had with the Court was on August 20, 2021, approximately eight months ago.  (Dkt. Nos. 16, 17.)

Despite Plaintiff's awareness of his responsibility, he has failed to provide an updated address to the Court since his release over five months ago.  (*See generally* docket sheet.)  Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the Court's docket and Defendants' interest in defending against the claims asserted by Plaintiff, outweigh his right to receive a further opportunity to be heard in this matter.  As required, I have considered less-drastic sanctions, but reject them as ineffective.  For example, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be

futile, given that such an order would, in all likelihood, never reach Plaintiff due to his failure to provide the Court with a current address.

For each of these reasons and those set forth by Defendants in their moving papers (Dkt. Nos. 32, 33), I recommend that Plaintiff's Second Amended Complaint be dismissed.

## IV.    SUMMARY AND RECOMMENDATION

This matter cannot proceed without Plaintiff's prosecution and notification to the Court by Plaintiff of his current address.  Since Plaintiff has failed to fulfill his obligations, it is hereby respectfully

**RECOMMENDED** that Plaintiff's Second Amended Complaint (Dkt. No. 16) be **DISMISSED** in its entirety, pursuant to Fed. R. Civ. P. 41(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further

**RECOMMENDED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 32) be **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir.

---

[2]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.


Dated: April 25, 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge